McKinnev, J.,
delivered the opinion of the court.
This was an application to the circuit court of Davidson County, for the appointment of commissioners to make a val- *349 nation of a lot of ground belonging to the defendant, or so much thereof as might be necessary for the purpose of a depot for said Railroad company at Nashville. The application was opposed by the defendant, and was refused by the court; from which refusal, an appeal in error has been prosecuted to this court.
A charter of incorporation was granted to said company by the Legislature of this State, on the 11th December, 1845, “for the purpose of establishing a communication, by railroad, between Nashville and Chattanooga.” And by the 14th section of the act, “the exclusive right of transportation or conveyance of persons, goods, merchandise, and produce, over the said railroad, by them to be constructed,” is secured to said company. The 21st section provides that, “the said company may purchase, have and hold in fee, or for a term of years, any lands, tenements, or hereditaments, which may be necessary for said road or appurtenances thereof, or for the erection of depositories, store-houses, houses for the officers, servants, or agents of the company, or for workshops, or foundries, to be used for the said company; or for procuring timber, stones, or other materials necessary for the construction of the road, or its appurtenances, or for effecting transportation thereon.”
The 24th section provides that, “where any lands, or right of way, may be required by the said company for the purpose of constructing their road, and for want of agreement as to the value thereof, or for any other cause, the same cannot be purchased from the owner or owners, the same may be taken at a valuation to be made by five commissioners, or a majority of them, to be appointed by the circuit court of the county where some part of the land or right of way is situated; and the said commissioners, before they act, shall severally take an oath before some justice of the peace, faithfully and impartially to discharge the duty assigned them,” &c.
*350 Under the foregoing provisions of the charter, the question for our determination is, whether or not the company is authorized to take so much of the defendant’s lot, against his will, as may be necessary for the purposes of a depot for said company.
This is simply a question of construction. And the charter, being a contract, must, like all other contracts, receive a reasonable construction. The provisions of the charter must be understood according to the natural and most obvious import of the language used, without resorting to a forced construction for the purpose of either restricting or enlarging their operation. The cousel for the defendant admit, that under the compulsory power given in the 24th section, the company has the right to take without the consent of the owners, so much land as shall be absolutely necessary to form the line or bed of the railroad, but this, it is insisted, is the utmost extent of the right; and that for the purpose of a depot, as well as for all other purposes indicated in the 21st section, the company must resort to a purchase from the owner or owners, of the land, under the provisions of the latter section.
The 21st section clearly comtemplates, that all lands necessary, as well for the bed of the road, as for the purpose of depositories, store-houses, houses for the officers, servants, or agents of the company, or for workshops, or foundries, or for procuring timber, stones, or other materials necessary for the construction of the road, should be purchased by the company from the owners thereof, if practicable. But the 24th section provides that where, “for want of agreement as to the value thereof, or from any other cause,” any lands, or right of way, required by said company, “for the purpose of constructing their road,” cannot be purchased from the owner or owners thereof, the same may be taken at a valuation, &c.
But it is to be borne in mind, that the “lands, or right of way” authorized to be thus compulsorily taken, are only such *351 “lands or right of way” as may be required for the purpose of constructing the road; and not lands for the erection of depositories, store-houses, and other purposes specified in the 21st section. This is manifestly the extent of the right which the Legislature, in the exercise of the eminent domain, has seen fit to confer upon the company, in taking private property for the use of the road; and the power is of a charater not to be extended beyond the plain letter of the grant.
What, then, is to be understood as comprehended in the power, to take any lands, or right of way, that may be required for the purpose of constructing the road ? Is it to be restricted to so much land only, between the two termini of the road, as shall be sufficient merely to lay down the superstructure upon? or does it include, in addition, so much land, or right of way, at either terminus, (to say nothing, at present, of intermediate points,) as shall be found indispensably necessary to enable the company to carry on the operations, and effect the purposes of its creation ? To enable the company to effect the ends contemplated by the charter, the “transportation or conveyance of persons, goods, merchandize and produce over the said railroad,” there must, of necessity, be a way of approach to the road, an avenue for the passage of persons and vehicles to and from the road, some place for receiving and delivering, loading and unloading, the goods, merchandize, and produce, conveyed, or to be conveyed, by the company over the road. Without this, the charter would be nugatory. Land, or right of way, for those purposes, is just as necessary as for the bed of the road; and, indeed, must be regarded as constituting part of the road. And it would be absurd to suppose that the Legislature intended to confer the right to take land for the one purpose and not equally for the other. But if this right were not conferred by the obvious construction of the words of the charter, it would exist by necessary implication, as absolutely necessary to give effect to *352 the right granted. Upon a universal principle of legal eon-oonstruction, whenever a right is granted, whether by the Government or by a private individual, everything is considered as granted which is essentially necessary to enable the grantee to use and enjoy such right. A right of way has been frequently held to arise of necessity. If one sells land to another, wholly surrounded by the lands of the vendor, the purchaser is entitled, by implication of law, to a right of way over the other’s land, to pass to and from his own, though no such right was stipulated for. It is a necessary incident to the grant, without which the grant would be useless. This principle equally applies to a grant by the legislature, in a case like the present.
But, for the purposes of depositories, store-houses, houses for agents, workshops, &c., which are not necessarily required to be contiguous to the termination of the road, and, unless so far as regards the mere matter of convenience, may as well be situated at some distance, the company have no power to take lands under the provisions of the 24th section, and must rely on negotiation with the owners thereof. As to the quantity of land which may be compulsorily taken by the company, for the uses and purposes before indicated, no precise rule can be prescribed. This must be entrusted, in the first instance at least, to the sound discretion of persons of experience and practical knowledge upon the subject, acting under the sanction of an oath, whose judgment in the matter will be governed by the circumstances and necessity of the case.
The result of our opinion is, that the circuit court erred in refusing the application altogether; and that to the extent of the right of the company, as herein before stated, the application should have been allowed; and to the end that this may be done, the case is reversed and remanded.